IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LUKE PREACHER,          )
                                    )    Case No. CR-00-64-BLW

        Petitioner,         )            CV-03-108-E-BLW

                                      )

    v.                       )    **MEMORANDUM**

                                      )    **DECISION AND ORDER**

UNITED STATES OF AMERICA,   )

                                      )

        Respondent.       )

_____)

       Pending before the Court is Petitioner Luke Preacher's Amended Motion to

Vacate, Set Aside, or Correct Sentence (Docket No. 37) brought pursuant to 28

U.S.C. § 2255 (hereinafter referred to as "§ 2255 Motion").  Preacher asserts that

his conviction should be set aside because (1) his guilty plea was neither knowing

nor voluntary; (2) his attorney provided ineffective assistance; and (3) his

conviction violates the Double Jeopardy Clause of the Fifth Amendment.  Preacher

requests that the Court hold an evidentiary hearing in order to more fully develop

the facts of his case.

       Also pending before the Court are the following motions filed by Preacher:

**MEMORANDUM DECISION AND ORDER - 1**

Motions for Evidentiary Hearing (Docket Nos. 36 and 62); Motions for Default (Docket Nos. 39, 43, 50, 51, 57, and 61); Motions for Judgment on the Pleadings (Docket Nos. 41and 45); and Motion for Appointment of Counsel (Docket No. 63). Finally, pending before the Court is the Government's Motion to Dismiss Preacher's § 2255 Motion (Docket No. 53).

For the reasons set forth below, the Court enters the following Order denying all claims in the § 2255 Motion except for the claim that his attorney was ineffective because he failed to raise an intoxication defense.

## PROCEDURAL BACKGROUND

Preacher filed his initial § 2255 Motion (Docket No. 25) to which the Government responded (Docket No. 29).  Preacher thereafter moved for an extension of time to file an amended motion.  In its Order (Docket No. 34) granting Preacher's motion, the Court indicated that it was construing the Government's response as a motion to dismiss.  The Court further ordered Preacher to include all of his claims in the amended motion and directed the Government to respond within 30 days if Preacher did indeed file an amended motion.  The Government filed an Answer (Docket No. 52) denying all of the allegations of the Amended § 2255 Motion and also filed the above-mentioned Motion to Dismiss.[1]

---

[1] The Government's Answer was delayed by several months because the Government had not received a copy of the Amended Motion.  The Government filed a motion for extension of time to respond as soon as the Government noticed on the Court's website that an Amended Motion

**MEMORANDUM DECISION AND ORDER - 2**

## FACTUAL BACKGROUND

On May 3, 2000, the Government returned a two-count indictment against Preacher.  The first count alleged as follows:

> On or about the 25th day of April, 2000, in the State and District of Idaho, and within the Shoshone-Bannock Fort Hall Indian Reservation, the Defendant, LUKE PREACHER, an Indian, did knowingly attempt to engage in a sexual act as employed and defined in Title 18, United States Code, Section 2246(2), by the use of force against the victim, _____, a person who at that time had attained the age of 12 years but had not attained the age of 16 years, and who was at least four years younger than the Defendant, LUKE PREACHER; in violation of Title 18, United States Code, Sections 1153 and 2241(c).

The second count alleged that Preacher kidnaped the same victim in violation of 18 U.S.C. §§ 1153 and 1201.

On September 25, 2000, Preacher entered into a plea agreement (Docket No. 13), whereby he agreed to plead guilty to Count One.  In exchange, the Government agreed to dismiss the kidnaping charge in Count Two and to recommend a three-point reduction in offense level for acceptance of responsibility.  The Government also agreed that the following sentencing guideline enhancements did not apply:  (1) U.S.S.G. 2A3.1(b)(5) (providing for a 4-level enhancement if the victim was abducted); and (2) U.S.S.G. 2A3.1(b)(4) (providing for a 2-4-level enhancement if the victim sustained bodily injury).  The

had been filed.  *See* Docket No. 48.  The Court granted the motion.  *See* Docket No. 49.  The Government thereafter timely filed its Answer.

**MEMORANDUM DECISION AND ORDER - 3**

plea agreement went on to state, however, that the government could "recommend a sentence of imprisonment, supervised release, a fine, restitution, and application of the sentencing guidelines as it desire[d]."  Notably, nowhere in the plea agreement is there an agreement by the Government regarding an appropriate sentence or an agreement not to recommend an upward departure.

On September 25, 2000, Preacher appeared before the Court to enter his plea of guilty to Count One.  Prior to entering his plea, the Court engaged in a detailed plea colloquy with Preacher to ensure that Preacher's plea of guilty was knowing and voluntary.  *See* Change of Plea Transcript (Sept. 25, 2000).  At the beginning of the hearing, the Court inquired as to whether Preacher  was on any medication. The Defendant explained that although he was on medication to control his anger, the medication did not affect his ability to think or understand the proceedings. *See id*. at 4.  The Court stated on the record that, based on its own observations, Preacher was not "suffering from any lack of competence" due to medication.  *Id*. at 5.

The Court then asked Preacher whether he was satisfied with his attorney. Preacher replied that he was, but that he doubted his attorney had negotiated the best plea agreement possible.  Preacher explained "Well, I do want to face up to my responsibilities, it's just, I don't know, I just kind of, like, figure I can get, like, lesser time or at least get boot camp or something like that."  *Id*. at 6.  The Court

**MEMORANDUM DECISION AND ORDER - 4**

responded by explaining that Preacher's concerns were not unusual and that he should take as much time as he needed to decide whether he wanted to enter a plea of guilty.  *See id*.  The Court explained that before Preacher entered a plea of guilty, he should be sure that such an action was in his best interests.  The Court further explained that instead of entering a plea, Preacher could go to trial or try to renegotiate the plea agreement.  *See id*. at 6-7.  The Court warned Preacher that once he entered a plea of guilty, he no longer would have the right to go to trial or to negotiate a different plea agreement.  Preacher acknowledged that he understood this and that he wanted to enter a plea of guilty.  *See id*. at 6-7.

The Court then gave defense counsel an opportunity to explain Preacher's position.  Defense counsel explained that Preacher wished he could receive a better sentence than what the Sentencing Guidelines provided.[2]  *See id*. at 7.  The Court asked Preacher, "You're not unhappy with Ms. Sison, you just would like to have a better deal than what you're getting?" *Id*. at 8. Preacher responded, "Yes, your honor." *Id*.  The Court then explained that sentences are basically dictated by the

---

[2]  Defense counsel also acknowledged that Preacher had previously mentioned boot camp and that she had explained to Preacher that the decision about whether he qualified for boot camp was left to the discretion of the Bureau of Prisons and was not something for which Preacher could negotiate in a plea agreement.  *See* Change of Plea Transcript at 7-8.  The Court also informed Preacher that while the Court could recommend that Preacher be placed in boot camp, the ultimate decision rested with the Bureau of Prisons.  *See id*. at 8-9.  The Court explained that the Bureau of Prisons may deny him placement in a boot camp because his crime would be perceived as a crime of violence or because he was not a first time offender (i.e. he had a criminal history).  *See id.*

**MEMORANDUM DECISION AND ORDER - 5**

Federal Sentencing Guidelines and that neither defense counsel nor the Assistant

U.S. Attorney (AUSA) has much say in the type of sentence to be imposed.  *See id*.

at 8.  The Court explained in more detail how the Guidelines work, including the

fact that the Court could impose a sentence outside of the guideline range if the

Court found Preacher's case unusual.  *See id*. at 9-11.

The Court also explained Preacher's constitutional rights.  The Court told

Preacher that if he proceeded to a jury trial, "[t]he Government would be required

to prove [him] guilty by competent evidence and beyond a reasonable doubt . . . ."

*See id*. at 13.   The Court also explained that by entering a plea of guilty, Preacher

was waiving these rights.  *See id*. at 14-15.  The Court explained the nature of the

charge filed against Preacher and the maximum penalties associated with that

charge (*i.e.* life imprisonment).  *See id*. at 17.[3]  The AUSA outlined the elements of

the offense and what the evidence would show if the matter proceeded to trial.  *See

id*. at 20 - 21.  In sum, the AUSA stated that Preacher, an enrolled member of the

Shoshone-Bannock Tribe, had *attempted* to engage in a sexual act (*i.e.* contact

between the penis and the vulva) with a girl between the ages of 12 and 16.  *See id*.

The Court then required Preacher to explain in his own words what

happened on the date in question.  *See id*. at 21.  During this exchange, Preacher

_____

[3]  The Court also offered to read the Indictment to Preacher.  *See* Change of Plea Transcript at
17.  Preacher, however, declined the offer.  *See id*.

**MEMORANDUM DECISION AND ORDER - 6**

denied that there was any contact between his penis and the victim's vulva.  *See id.* at 22.  The Court explained,  however, that contact was not a necessary element of the charge, and that the Government need only prove that Preacher attempted to make such contact.  *See id.* 22 - 23.  Preacher acknowledged this, and agreed with the AUSA's summary of the facts.  *See id.*

At the end of the plea hearing, the Court inquired whether Preacher had gone over and read every provision of his plea agreement with his attorney before he signed it.  *See id.* at 24.  Preacher asserted that he had and that his attorney had already answered any questions he had about the agreement.  *See id.* at 24 - 25. The Court explained that if he had any further questions, those questions should be answered prior to entering a plea of guilty.  The Court went so far as to state that if Preacher wished, the Court would continue the hearing for a few days to give him the opportunity to completely understand the agreement.  *See id.* at 25.  In the end, Preacher asserted that he fully and thoroughly understood the plea agreement.  *See id.* at 26-27.

The Court then went on to explain that even though Preacher and the Government may have agreed on an appropriate sentence, the Court could disregard their recommendations and impose a completely different sentence.  *See id.* at 30.  The Court further explained that after Preacher pleaded guilty, he would not be given an opportunity to withdraw his plea simply because the Court rejected

**MEMORANDUM DECISION AND ORDER - 7**

either his counsel's or the Government's recommended sentences.  Preacher stated that he understood.  *See id.*  Preacher also stated that no one had promised him anything other than what was in the plea agreement.  *See id.* at 29.  When asked whether anyone had made any prediction or promise as to what sentence he would receive, Preacher stated, "Not Really."  *See id.* at 31.  The Court followed this up by stating:

> I assume that Ms. Sison has sat down and tried to calculate or at least tell you what she thinks your sentencing range may be, and that is entirely appropriate.  But what you need to understand is that is only her prediction and it is not binding upon the Court.  Do you understand that?

*See id.*  Preacher responded, "Yes."  *Id.*

It was only after the Court completed its plea colloquy, that Preacher entered a plea of guilty to Count One of the Indictment.  *See id.* at 31-32.  On December 18, 2000, Preacher was sentenced to 168 months of incarceration.

Preacher appealed his sentence to the Ninth Circuit on the grounds that the Court had erred by departing upward from a criminal history category of III to IV based on uncounted tribal convictions.  The Ninth Circuit affirmed the sentence finding that the Court's reasoning was sound in determining that the tribal court convictions had not been adequately represented in Preacher's criminal history.  *See* Docket No. 21.  Preacher then petitioned for certiorari before the U.S. Supreme Court.  The petition was denied on March 18, 2002.  Preacher thereafter timely

**MEMORANDUM DECISION AND ORDER - 8**

filed his initial § 2255 Motion.

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 petition at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and petition, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254

**MEMORANDUM DECISION AND ORDER - 9**

Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Government Section 2255 Proceedings.

If a Motion to Dismiss is filed by the Government, it should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network,* 18 F. 3d 752, 754 (9th Cir. 1994).   All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *See Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.), *cert. denied,* 506 U.S. 909 (1992).  Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) except documents alleged in a pleading whose authenticity is not questioned.  *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.), *cert. denied,* 114 S.Ct. 2704 (1994).

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).  However, where, assuming the truth of the specific factual allegations when viewed against the record, Petitioner states a claim upon which relief could be granted, an evidentiary hearing is required to resolve any

**MEMORANDUM DECISION AND ORDER - 10**

factual disputes before the Court can make a determination on the merits.  *See*

*United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

      **B.**     **Unknowing and Involuntary Plea**

     A guilty plea is constitutionally valid only if it is "voluntary" and

"intelligent."  *Bousley v. United States,* 523 U.S. 614, 618 (1998) (citing  *Brady v.*

*United States,* 397 U.S. 742, 748 (1970)).  A guilty plea is deemed valid when a

defendant is advised of the nature and elements of the charges against him and the

possible punishment and understands that he is waiving his constitutional rights to

avoid self-incrimination, to confront his accuser, and to have a jury decide his case.

*See Brady*, 397 U.S. at 749.  Furthermore, to be valid, a plea must not be made

based on threats, misrepresentations, or improper promises.  *Hill v. Lockhart,* 474

U.S. 52, 56 (1985).

     In his § 2255 Motion, Preacher alleges that his plea was involuntary and

made without an understanding of the nature of the charges against him or the

elements of the crime of which he was convicted.  He further alleges that he did not

know  the consequences of entering the plea or that the Government would have

been required to prove each of those elements beyond a reasonable doubt if he

went to trial.

     Preacher is asserting several grounds in support of his claim:  (1) that his

counsel had promised him that his sentence would be eight years if he pled guilty;

**MEMORANDUM DECISION AND ORDER - 11**

(2) that he did not know that the plea agreement was not binding on the Court; (3) that his counsel did not investigate to strengthen his negotiating position; (4) that the plea agreement was unconstitutionally vague because it failed to cite the charging statute which in itself was unconstitutionally vague; and (5) that the Court relied on the unconstitutionally vague plea agreement rather than conduct a full direct inquiry examination in a plea colloquy.  He states that had he been fully informed,  he would have proceeded to trial because in his opinion the Government would not have been able to meet its burden of proof on the charges.  The Court will address these issues individually.

### 1.    Length of Sentence

Preacher's argument is replete with allegations that defense counsel promised him his sentence would be eight years if he pled guilty as opposed to life if he went to trial. The Government contends (1) that defense counsel's statement regarding the length of sentence was merely a prediction, and (2) that the plea colloquy made clear that the Court was not bound by any statement or recommendation of counsel.

At no time during the change of plea hearing or sentencing did Preacher indicate that defense counsel had made this representation to him.  In fact, Preacher's testimony at the plea hearing belies his adamant assertions now that he entered the plea agreement based on defense counsel's assurance that he would

**MEMORANDUM DECISION AND ORDER - 12**

receive an eight-year sentence.  It was only after receiving a substantially longer sentence and having his petition for certiorari denied that Preacher raised this issue.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight.  *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *see also U.S. v. Kazcynski,* 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements).  At the change of plea hearing, Preacher stated that he understood that his sentence would be dictated by the sentencing guidelines, that neither defense counsel nor the prosecutor had much say in the sentence, and that the Court could impose a sentence outside the guideline range.  *See* Change of Plea Hearing Tr. at 8-11.  He stated that he understood that the Court could disregard any recommendation of defense counsel or the prosecutor.  *Id.* at 30.  Finally, he stated that no one had made any prediction or promise regarding the sentence other than what was in the plea agreement.  *Id.* at 29.

In addition to questioning Preacher extensively at the change of plea hearing, the Court advised him that he could take as much time as he needed to decide whether he wanted to enter a plea of guilty.  *Id.* at 6; 25.  Preacher declined, despite being advised that he would not be given an opportunity to withdraw his plea if the Court rejected the sentence recommended by the Government and his

**MEMORANDUM DECISION AND ORDER - 13**

attorney.  Even if defense counsel had said that the sentence would be eight years, the Court had thoroughly advised Preacher that it could impose a different sentence.

An erroneous prediction by defense counsel as to the length of sentence does not entitle a defendant to challenge his guilty plea.  *See United States v. Michlin,* 3 F.3d 896, 899 (9th Cir. 1994).  Preacher's claims that defense counsel "promised" that his sentence would be eight years does raise the concern that the alleged statement was a representation rather than a prediction.  *See Chizen*, 809 F.2d at 562-63 (distinguishing between prediction and representation and finding plea colloquy and signed plea agreement did not cure any defects caused by defense counsel's misrepresentation).  However, *Chizen* involved a very different set of facts, including a perfunctory plea colloquy, a defense attorney who also believed there was a binding agreement, and a defendant who did not discover until sentencing that the plea agreement was not binding on the Court.

Here, the Court engaged in an extensive plea colloquy, and Preacher was clearly advised during that plea colloquy that any agreement regarding his sentence was not binding on the Court.  Furthermore, his defense counsel did not believe that there was a binding agreement.  At the sentencing hearing, defense counsel stated that she and the prosecutor had had numerous discussions regarding the appropriate sentence and had agreed that the range recommended in the

**MEMORANDUM DECISION AND ORDER - 14**

presentence report – 121 to 151 months – was appropriate.  Sentencing Tr. at 23.
When speaking on his own behalf thereafter, Preacher did not question or
challenge that statement.

As stated above, declarations in open court carry a "strong presumption of
verity." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977).  Even though that
presumption is not necessarily an insurmountable barrier to an evidentiary hearing,
the "subsequent presentation of conclusory allegations unsupported by specifics is
subject to summary dismissal, as are contentions that in the face of the record are
wholly incredible." *Id.* (citations omitted).  A careful review of the record
indicates that Preacher has not overcome the strong presumption of verity of his
statements made in open court with his subsequent conclusory allegations that are
contradicted by the record.

### 2.    Binding Plea Agreement

As part of his claim that his plea was not knowing, Preacher contends that he
did not know that the plea agreement was not binding on the Court.  However, the
written plea agreement itself did not address the length of the sentence.  Therefore,
the Court assumes Preacher is referring to his attorney's alleged representation that
he would not receive more than an 8 year sentence, and the inference that this
representation was the result of a verbal agreement with the government.

The plea agreement contained a provision that Preacher understood the

**MEMORANDUM DECISION AND ORDER - 15**

sentence to be imposed rested in the sole discretion of the Court which was not bound by recommendations of counsel.  *See* Plea Agreement ¶ 11.  Preacher alleges that he relied on defense counsel rather than read the plea agreement at the time he signed it, an allegation directly contradicted by his sworn testimony in open court.  Furthermore, as indicated above, the Court advised Preacher many times that it was not bound by any recommendations of counsel and gave him the opportunity to delay entering the plea or to go to trial.  Even if he had not read the plea agreement, Preacher cannot now argue, given the exhaustive plea colloquy, that he did not know that the plea agreement was not binding on the Court.

### 3.      Failure to Investigate

Preacher argues that his counsel could have secured a more favorable plea agreement had she done a thorough investigation.  This is more properly an ineffective assistance of counsel claim and will be dealt with below.

### 4.      Unconstitutional Vagueness

In support of his claims that his plea was not knowing and that he did not understand the nature of the charges against or the elements of the crime of which he was convicted, Preacher advances several arguments.  Preacher contends that he was not informed at his sentencing hearing of the charges against him; that the plea agreement was defective because it did not cite the charging statute; and that the Court lacked jurisdiction to impose sentence because the statute under which he

**MEMORANDUM DECISION AND ORDER - 16**

was charged was unconstitutionally vague.

Count One of the Indictment charged Preacher with a violation of 18 U.S.C.

§ 2241(c) which provides in relevant part:

> Whoever . . . knowingly engages in a sexual act under the
> circumstances described in subsection (a) and (b) with
> another person who has attained the age of 12 years but
> has not attained the age of 16 (and is at least 4 years
> younger than the person so engaging), or *attempts* to do
> so . . . shall be fined under this title, imprisoned for any
> term of years or life, or both.  (Emphasis added.)[4]

"Sexual act" is defined in 18 U.S.C.  § 2246(2)(A) as "contact between the

penis and vulva. . . ."   In other words, Preacher was charged with knowingly

engaging in an *attempt* to have contact between his penis and the vulva of a person

between the age of 12 and 16 who was at least 4 years younger than he.

Preacher was well informed of this charge against him at the plea hearing, so

there was no need to readvise him of the charge at the sentencing hearing.  At the

plea hearing, the AUSA recited the factual basis for the charge and listed the

elements of the crime with which Preacher was charged.  The Court went over each

of those elements and even required that Preacher explain in his own words those

acts which he committed that would satisfy each element of the offense.  *See*

Change of Plea Tr. at 21-23.   Although Preacher insisted that there was no

penetration, the Court explained that penetration was not an element of the crime.

---

[4]  Subsection (a), which is relevant here, refers to the use of force or threats.

**MEMORANDUM DECISION AND ORDER - 17**

*Id.* Preacher was fully advised of the charge against him prior to entering his plea.

A plea agreement need not include the citation of the statute under which a defendant is charged as long as the agreement sets forth the required elements of the statute. The plea agreement, while not specifically citing the statute itself, referred to the Indictment which did so. Furthermore, the plea agreement recited all of the necessary elements of the statute as it pertained to Preacher's conduct. It certainly was not "unconstitutionally vague."

Regarding his assertion that the charging statute is unconstitutionally vague, Preacher persists with his argument from the plea hearing that there was no contact or penetration. His vagueness argument is premised (1) on his perception that § 2241 does not does not distinguish between "sexual contact" and "engag[ing] in a sexual act;" (2) that the statute does not delineate between the greater offense and the lesser included offense; (3) that the presentence report refers to the "sexual act" being "contact;" (4) that the background commentary to § 2A3.1 of the United States Sentencing Guidelines indicates that the section pertains to sexual abuse of a child under 12 and the victim in this case was 12; and (5) that the indictment charged him with an "attempt to engage in a sexual act" but the judgment refers to "aggravated sexual abuse."

Preacher's arguments are without merit. First of all, as mentioned above, the conduct covered by § 2241 is "engag[ing] in a sexual act" and the definition of

**MEMORANDUM DECISION AND ORDER - 18**

sexual act in § 2246 includes "contact between the penis and vulva." Whether Preacher's understanding of "engag[ing] in a sexual act" involves full penetration or not, § 2241, by reference to § 2246, makes clear the proscribed conduct.

Second, an attempt to engage in a sexual act is not a lesser included offense of engaging in a sexual act. Whether there was contact or only an attempt to have contact is irrelevant under § 2241. Rather, both are considered aggravated sexual abuse. In fact, the background commentary to § 2A3.1, the United States Sentencing Guideline that determines the offense level for violations of § 2241 and § 2242, states that "[b]ecause of their dangerousness, attempts are treated the same as completed acts of criminal sexual abuse." USSG § 2A3.1, comment. (backg'd).

Third, Paragraph 6 of the presentence report, when read in its entirety, properly characterized Preacher's conduct using the definition of "sexual act" and referring specifically to "attempt." Furthermore, the fact that the presentence report identifies the charge as "aggravated sexual abuse" without citing "attempt" is irrelevant because the statute encompasses attempts.

Fourth, Preacher appears to argue that because of one sentence in the background commentary to USSG § 2A3.1 referring to that section's applicability to all sexual abuse crimes involving victims under the age of 12, that guideline is

**MEMORANDUM DECISION AND ORDER - 19**

inapplicable to him because the victim was not under 12.[5]  Contrary to Preacher's assertion, USSG § 2A3.1 applies to *any* violation of § 2241 regardless of the age of the victim.

Fifth, with respect to the discrepancy between the wording of the indictment and the judgment, the Court explained to Preacher at the plea hearing that statutes sometimes have headings broader than the crime itself.  Change of Plea Hearing Tr. at 25-26.  Furthermore, as explained above, "attempt to engage in a sexual act" is an offense proscribed by the "aggravated sexual abuse" statute.

### 5.  Defective Plea Colloquy

Preacher claims that the Court failed to conduct a proper plea colloquy because it was based on an unconstitutionally vague plea agreement.  This argument must fail.  As discussed above, the plea agreement and underlying charging statute were not unconstitutionally vague.  The extensive plea colloquy met all of the requirements of Fed. R. Civ. P. 11(b).

It plainly appears from the face of Preacher's § 2255 Motion together with the Government's Response, the transcripts, and the record of the prior proceedings that Petitioner is not entitled to relief based on his claim that his plea was unknowing and involuntary.  Accordingly, the Court will dismiss this claim

---

[5]  The portion of the commentary referred to by Preacher reads: "Any criminal sexual abuse with a child less than twelve years of age, regardless of "consent," is governed by § 2A3.1."

**MEMORANDUM DECISION AND ORDER - 20**

for all of the reasons discussed above.

### C.    Ineffective Assistance of Counsel

Preacher next asserts that his conviction should be set aside due to ineffective assistance of counsel.  The Supreme Court has made it clear that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. , 686 (1984).

The *Strickland* test for ineffective assistance of counsel requires two showings:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced his defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result.

*Id.*

The *Strickland* test was later extended to ineffective assistance of counsel claims in the context of plea negotiations.  *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).  In order to meet the prejudice prong in such cases, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Many of the Preacher's ineffective assistance of counsel claims overlap with his claims pertaining to the voluntariness of his plea agreement. Preacher claims that his attorney was deficient in that she: (1) failed to investigate the facts of the case in order to make his position stronger during plea negotiations; (2) failed to investigate the accuracy, reliability, and overall quality of the hearsay testimony before the grand jury; (3) secured an unconstitutionally vague plea agreement; (4) misinformed him about the length of his sentence; (5) failed to explain that under Rule 11(c)(1), he could have been allowed to plead to a lesser or related offense; (6) failed to secure a binding plea agreement; (7) failed to object to the indictment, file a motion for discovery, or file a motion to suppress; (8) failed to raise the affirmative defense of voluntary intoxication; (9) failed to object to being provided with inadequate notice of an upward departure; (10) failed to object to the presentence report as a basis for an upward departure; (11) failed to claim on direct appeal that failure to provide adequate notice of an upward departure was plain error; and (12) failed to have a psychologist testify at the sentencing hearing.

### 1.    Failure to Investigate

Preacher claims essentially that if defense counsel had adequately investigated the underlying basis for the charge, she would have determined that the victim only testified before the tribal court because the tribal judge

**MEMORANDUM DECISION AND ORDER - 22**

"threatened" her if she did not do so.  He reasons that had the tribal judge not threatened her, the victim would not have testified and the charges would have been dropped.  However, this is pure speculation on Preacher's part.  This was not a case of his word against the victim's word.  There were several witnesses to the incident.  Those witnesses called tribal police who then observed the conduct.  Furthermore, the Government would not have been precluded from bringing charges even if the tribal court had dismissed the case.

Preacher also argues that if his attorney had investigated the grand jury testimony, she would have found that the testimony was all hearsay.  Rule 1101 (d)(2) of the Federal Rules of Evidence provides that the rules of evidence do not apply in grand jury proceedings.  *See, e.g., Costello v. United States,* 350 U.S. 359 (1965) (indictment not subject to attack where only hearsay evidence was presented).

When a defendant alleges ineffective assistance of counsel for failure to investigate, a determination of whether defendant was prejudiced depends on "the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.  This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial."  *Hill v. Lockhart*, 474 U.S. at 370.

The Court fails to see how further investigation into the tribal proceedings or

**MEMORANDUM DECISION AND ORDER - 23**

grand jury proceedings would have changed the outcome of this matter.

### 2.    Constitutionally Vague Plea Agreement

Based on the Court's ruling above that the plea agreement was not unconstitutionally vague, there is no basis for this allegation of ineffective assistance of counsel.

### 3.    Representation Regarding Sentence

Preacher alleges that his attorney promised him that he would receive an eight-year sentence. As the Court explained above, this claim is without merit.

### 4.    Plea Agreement

With respect to the plea agreement, Preacher claims that defense counsel failed to explain that under Rule 11(c)(1) he could have been allowed to plead to a lesser offense.  This argument presupposes that the Government would have been amenable to such an agreement. This is highly unlikely given that several people, including the arresting tribal officer, witnessed the offense.

Preacher also claims that his counsel was ineffective because she did not seek a binding plea agreement under Rule 11(c)(1)(C) regarding an eight-year sentence versus a non-binding plea agreement under Rule 11(c)(1)(A) & (B).  A Rule 11(c)(1)(C) plea agreement contains a specific sentence that is intended by the parties to be binding on the Court.  It is pure speculation that his counsel could have negotiated a binding plea agreement given the circumstances of this case.

**MEMORANDUM DECISION AND ORDER - 24**

Even if she had, the Court would not have been required to accept it.  The Court is only bound by a Rule 11(c)(1)(C) plea agreement if it accepts the plea agreement. A Court is free to reject it if the Court feels that it does not reflect the seriousness of the criminal conduct.

### 5.        Failure to Raise Defense of Intoxication

Preacher alleges that he was under the influence of alcohol at the time he committed the crime and that defense counsel should have raised a voluntary intoxication defense.  The Court interprets Preacher's statements to mean that Preacher believes intoxication is a defense to aggravated sexual abuse.  The Court will note that the presentence report tends to corroborate Preacher's allegations by stating that the arresting officer noticed a strong odor of alcoholic beverages coming from Preacher and that his blood alcohol level at the hospital after the incident was .16.  *See* Presentence Report at  ¶¶ 13 and 16.[6]

Although not a defense to a general intent crime, voluntary intoxication may be a defense to a specific intent crime. *United States v. Sneezer*, 900 F.2d 177, 179 (9th Cir. 1990).  Specific intent is an element of an attempt to commit a particular crime even if the completed crime itself requires only general intent.  *Id.* (holding that attempted sexual abuse under 18 U.S.C. § 2242 required finding of specific intent).  The Ninth Circuit has also found a requirement of specific intent in

---

[6]  Preacher had refused to take a breath test at the police station.  Presentence Report at ¶ 13.

**MEMORANDUM DECISION AND ORDER - 25**

attempts to commit other offenses as well, including the offense with which

Preacher was charged.  *See United States v. Hadley*, 918 F.2d 848, 853 (9th Cir.

1990) (attempted aggravated sexual abuse under 18 U.S.C. § 2241); *United States*

*v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192-93 (9th Cir. 2000) (en banc) (attempted

illegal reentry); and *United States v. Darby*, 857 F.2d 623 (9th Cir. 1988)

(attempted bank robbery under 18 U.S.C. § 2113(a)).

In *Sneezer*, the Court noted the incongruity of recognizing voluntary

intoxication as a defense to attempted rape but not to completed rape:

> We confess that at first glance it seems strange to permit
> Sneezer a defense of voluntary intoxication for his
> attempt when he seemed so unequivocally committed to
> the completion of a crime for which his intoxication
> would not have been a defense.  It is important to
> emphasize, however, the specificity of the crime that
> Sneezer was convicted of attempting.  "Sexual abuse
> requires the performance of a "sexual act."  18 U.S.C.
> § 2242.  "Sexual act" is narrowly confined to very
> specific acts . . . .  Whether any of these particular acts
> were intended by Sneezer is legitimately a subject of
> inquiry, since he did not complete them.  Part of that
> inquiry is whether Sneezer was so intoxicated that he was
> incapable of forming that intent.

*Sneezer*, 900 F.2d 180.

Each of the cases cited above found that the defendant had been entitled to

an instruction on voluntary intoxication.  Arguably, then, in certain circumstances,

the defense of voluntary intoxication could give defense counsel some leverage

**MEMORANDUM DECISION AND ORDER - 26**

when negotiating a plea agreement.

As stated above, the *Strickland* two-pronged competency-prejudice test for ineffectiveness of counsel applies in the context of a guilty plea with the prejudice prong being satisfied if the defendant can show that he would have gone to trial absent counsel's error.  *Hill v. Lockhart*, 474 U.S. at 370 (finding district court did not err in declining to hold an evidentiary hearing where defendant's allegations did not satisfy the prejudice requirement).  In determining counsel's competence regarding the failure to raise an affirmative defense, pertinent considerations are the likelihood of success if the defendant were to go to trial as well as an assessment of the probability of an increase or decrease in the sentence.  *Panuccio v. Kelly*, 927 F.2d 106, 109 (2d. Cir. 1991) (finding no duty to disclose intoxication defense where there was a low likelihood of succeeding and significant exposure to additional punishment if case proceeded to trial).

Similarly, as with the competency prong, a finding of prejudice will depend largely on a determination of whether the defense would have succeeded at trial. *Hill v. Lockhart*, 474 U.S. at 371. The prejudice prong "is not satisfied merely by [defendant's] testimony that he would have gone to trial had he known of the defense . . . since a defendant's testimony after the fact 'suffers from obvious credibility problems.'  (Citations omitted).  *Id.*

In a case cited in *Hill v. Lockhart*, the Seventh Circuit, affirming the district

**MEMORANDUM DECISION AND ORDER - 27**

court's refusal to grant an evidentiary hearing, opined that the intoxication defense was "at best a theoretical possibility" in view of the uncontested facts which "made it inconceivable that a jury would have acquitted [defendant]." *Evans v. Meyer*, 742 F.2d 371, 374 (7th Cir. 1984).  The Court simply did not find it believable that the defendant could have done all he did, "involving elaborate negotiations with police over several hours, in some sort of alcohol-induced trance." *Id.* at 375.

The circumstances here lasted several minutes, not several hours.  There were no prolonged conversations or actions from which to infer that the alleged intoxication had not affected his judgment or ability to form intent.  Preacher's blood alcohol level of .16 was twice the legal limit.  That raises the possibility that he was so impaired as to preclude formation of intent.

Where a claim involves matters that cannot be determined from the record, an evidentiary hearing is required.  *See United States v. Burrows*, 872 F.2d 915 (9th Cir. 1989).  It is not apparent from the record here whether (1) defense counsel did or did not investigate an intoxication defense; (2) defense counsel investigated the defense but exercised reasonable professional judgment not to pursue it; (3) defense counsel exercised reasonable judgment not to investigate; or (4) evidence of intoxication would have likely resulted in a more favorable result.  For these reasons, the Court finds that an evidentiary hearing is required on this issue.

**MEMORANDUM DECISION AND ORDER - 28**

### 6.     Failure to Object to Indictment or File Motion to Dismiss

Preacher contends that defense counsel should have objected to the indictment or filed a motion to dismiss because there was no evidence to support Count Two of the indictment which charged him with kidnaping.  Preacher contends that his counsel would have been in a better negotiating position if the kidnaping charge in Count Two had been dismissed.  He also states that he would have insisted on going to trial if Count One were the only remaining charge against him.

The kidnaping statute under which Preacher was charged provides, in relevant part, as follows:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when . . .
>
> > (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States; . . . .

18 U.S.C. § 1201(a)(2).

The territorial jurisdiction referred to in the statute includes Indian Reservations.  18 U.S.C. §§ 7 (3), 1153(a).  Although § 1201(a)(1) contains an element of transporting a victim, subsection (a)(2) does not.  It is sufficient that there is a "seizure" of a person on Indian territory.  *See United States v. Etsitty,* 130

**MEMORANDUM DECISION AND ORDER - 29**

F.3d 420, 426 (9th Cir. 1997).

Whether defense counsel's performance in this regard was deficient is irrelevant.  This claim fails the prejudice prong of the *Strickland* test.  If counsel had sought and obtained dismissal of the kidnaping count, and Preacher had insisted on going to trial on Count One as he alleges he would have done, it is unlikely that he would have prevailed in light of the overwhelming evidence against him.  He would have been in the same position – convicted of Count One – as he was by pleading guilty, but without the benefit of the  3-level downward adjustment for acceptance of responsibility.  Assuming the Court would have applied the same upward departure, Preacher's sentence would have been based on an offense level of 33 which, with a criminal history category of IV, would have subjected him to a range of 188-235 months.  Further, assuming that the Court would have sentenced him at the top end of that range as it did here, Preacher's sentence would have been 235 months, significantly more than the 168 months he received.

### 7.    Failures Regarding Upward Departure

Preacher argues that defense counsel should have objected (1) to being provided with inadequate notice of an upward departure, (2) to the presentence report as a basis for the upward departure, and (3) on appeal that failure to provide adequate notice was plain error.

**MEMORANDUM DECISION AND ORDER - 30**

First, Fed. R. Crim. P. Rule 32(h) requires reasonable notice by the Court that it is contemplating departure on a ground not identified either in the presentence report or in a party's pre-hearing submission.  Because the grounds for possible departure were specified in the presentence report as required by Rule 32(d)(1)(E), no notice was required by the Court.  The preliminary presentence report was prepared over a month prior to the sentencing.

Second, Preacher argues against the use of the presentence report as a basis for the upward departure.  Fed. R. Crim. P. 32(d)(1)(E) requires the probation officer to "identify any basis for departing from the applicable sentencing range."  The probation officer identified two potential areas of departure, one of which the Court declined to apply.  Preacher has not challenged the accuracy of the facts in the presentence report.  He suggests no basis upon which his counsel should have objected.

Finally, Preacher has argued that defense counsel was ineffective because she did not claim on direct appeal that failure to provide adequate notice of the upward departure was plain error.  As stated above, defense counsel had adequate notice.  Furthermore, the Ninth Circuit determined that the Court's reasoning for the upward departure was sound.  *See* Docket No. 21.

### 8.    Failure to Present Psychologist as a Witness

Preacher contends that defense counsel should have called his treating

**MEMORANDUM DECISION AND ORDER - 31**

psychologist, Dr. Smith, to testify at the sentencing hearing about prescribing Prozac for him and about Preacher's sexually abusive family background as a mitigating factor.

The Court was well aware that Preacher was on medication at the time of the plea hearing.  In fact, the Court questioned him and his attorney regarding the medication and made a determination that Preacher was competent to enter a plea. Change of Plea Hearing Tr. at 3-5.  The Court was also well aware of Dr. Smith's report and had reviewed it prior to the sentencing.  Sentencing Hearing Tr. at 26.

Preacher has not alleged that Dr. Smith would have presented any evidence other than what was contained in the report.  Therefore, this claim of ineffective assistance of counsel shall be dismissed.

### D.    Double Jeopardy

Lastly, Preacher claims that his sentence was imposed in violation of the Double Jeopardy Clause of the Fifth Amendment because he was convicted under both 18 U.S.C. § 2241(c) and 18 U.S.C. § 1153.  Preacher is mistaken.  A conviction violates the Double Jeopardy Clause only where a defendant is tried twice for the same offense by the same sovereign.  *See e.g. United States v. Enas*, 255 F.3d 662, 665-666; 675 (9th Cir. 2001) (en banc) (charging defendant in federal court with same conduct for which he had already been prosecuted, convicted, and sentenced by the tribal court did not subject defendant to double

**MEMORANDUM DECISION AND ORDER - 32**

jeopardy).  Contrary to what Preacher argues, it does not apply where a defendant is simply charged under two separate statutes based upon the same underlying facts.

Along the same vein, Preacher argues that federal law should not preempt concurrent tribal authority and that the matter should have remained exclusively within the jurisdiction of the tribal court.  The Indian Major Crimes Act, 18 U.S.C. § 1153, confers on federal courts jurisdiction in prosecutions of Indians for the commission of certain enumerated offenses, on Indian reservations, against the persons or the property of Native Americans or others.  *See id.; see also United States v. Lomayaoma,* 86 F. 3d 142, 145-46 (9th Cir. 1996).  The constitutionality of the Act has been consistently upheld for more than a century.  *Id.*  Included in the list of enumerated offenses is "a felony under chapter 109A" which is 18 U.S.C. § 2241 *et. seq.*  Tribes, however, retain their inherent power to prosecute its members for the same crime.

Because the offense with which Preacher was charged is enumerated in § 1153, he is an Indian, and the crime was committed on the reservation against an Indian, this Court clearly has jurisdiction.  The fact that Preacher was previously convicted in tribal court in irrelevant.  Accordingly, the Court will dismiss this claim.

**MEMORANDUM DECISION AND ORDER - 33**

## CONCLUSION

The Court will hold an evidentiary hearing on Preacher's claim of ineffective assistance of counsel based on failure to raise an intoxication defense. As to all of Preacher's remaining claims, the Court finds that it plainly appears from the face of his § 2255 Motion, together with the Government's Response, the transcripts, and the record of the prior proceedings, that he is not entitled to relief. Appointment of counsel is required when an evidentiary hearing is warranted. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings. A date for the evidentiary hearing will be set after giving counsel adequate time to investigate and prepare for the hearing.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion to Dismiss (Docket No. 53) is GRANTED IN PART.  All claims except for the claim of ineffective assistance of counsel based on failure to raise an intoxication defense are hereby DISMISSED.

IT IS FURTHER HEREBY ORDERED that Preacher may proceed only with his claim of ineffective assistance of counsel for failure to raise an intoxication defense.  His Motions for Evidentiary Hearing (Docket Nos. 36 and 62) are GRANTED only as to that claim.  No other claims will be addressed at the

**MEMORANDUM DECISION AND ORDER - 34**

evidentiary hearing.

IT IS FURTHER HEREBY ORDERED that Preacher's Motion for Appointment of Counsel (Docket No. 63) is GRANTED and that counsel be appointed to represent Preacher at the evidentiary hearing pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings. The Clerk of the Court is directed to take the necessary steps to obtain counsel from the CJA appointment list.

IT IS FURTHER HEREBY ORDERED that Preacher's Motions for Default (Docket Nos. 39, 43, 50, 51, 57, and 61) and Motions for Judgment on the Pleadings (Docket Nos. 41and 45) are DENIED.

DATED:  **June 21, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court