IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUKE PREACHER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | Case Nos.   CR-00-64-E-BLW <br>                    CV-03-108-E-BLW <br><br> **ORDER RE:  CERTIFICATE OF APPEALABILITY** |

This Court previously dismissed Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  *See* Docket Nos. 64 and 100.[1] He has since filed two Notices of Appeal, one of which has been docketed and will be construed as an Application for a Certificate of Appealability.  *See* Docket Nos. 102 and 103).  Having considered the Application and the record in this case, the Court enters the following Order.

## CERTIFICATE OF APPEALABILITY

A petitioner who has been denied relief cannot appeal from the denial or

---

[1] The Court dismissed all but one of Petitioner's claims in Docket No. 64 but appointed counsel and allowed Petitioner to proceed on the remaining claim.  However, the Court subsequently granted the Government's motion for summary judgment on that claim in Docket No. 100.

**Order Re: Certificate of Appealability - 1**

dismissal of a proceeding under 28 U.S.C. § 2255 unless he has first obtained a certificate of appealability (COA).  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Ninth Circuit has recently discussed the requirements for a certificate of appealability:

> A petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595; *see also Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To meet this "threshold inquiry," *Slack*, 529 U.S. at 482, 120 S.Ct. 1595, the petitioner " 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " *Lambright*, 220 F.3d at 1025(alteration and emphasis in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (internal quotation marks omitted)).

*Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction.  *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).  The district court shall either indicate which issue or issues

**Order Re: Certificate of Appealability - 2**

satisfy the standard for issuing a COA or indicate why a certificate should not be granted.  *Asrar*, 116 F.3d at 1270 (citing 28 U.S.C. § 2253(c)(3)).

In this case, the Court concluded that Petitioner's claims that his guilty plea was neither knowing nor voluntary, that his attorney provided ineffective assistance on various grounds, and that his conviction violated the Double Jeopardy Clause of the Fifth Amendment failed on the merits.  *See Mem. Dec. and Order* (Docket Nos. 64 and 100).  More specifically, the Court determined that Petitioner's claims regarding the guilty plea were rebutted by the record, that Petitioner failed to meet either prong of the *Strickland* test for each of his ineffective assistance of counsel claims, and that his double jeopardy claim failed because he was not tried twice for the same offense by the same sovereign.

The Court has carefully reviewed its decisions as to each of these issues and finds that Petitioner has not demonstrated that the decision as to any of the issues would be debatable among reasonable jurists.  Accordingly, the application for a COA will be denied in its totality.  Petitioner may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's

**Order Re: Certificate of Appealability - 3**

Application for Certificate of Appealbility (Docket No. 102) is DENIED.

Petitioner is advised that he may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

    IT IS FURTHER HEREBY ORDERED that the Clerk of Court is ordered to forward a copy of this Order and the Application for Certificate of Appealability (Docket No. 102) to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov. If requested by the Ninth Circuit, the Clerk of Court shall forward that portion of the record beginning with the filing of the 28 U.S.C. § 2255 Motion.



DATED: **October 16, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order Re: Certificate of Appealability - 4**